**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESUS M. ORTIZ,<br><br>                Plaintiff,<br><br>       v.<br><br>SUZUKI MOTOR OF AMERICA INC.;<br>SUZUKI MOTOR USA, LLC;<br>SUZUKI MOTOR OF AMERICA;<br>SUZUKI MOTOR CORPORATION;<br>NISSIN KOGYO COMPANY, LTD;<br>ABSOLUTE CYCLES;<br>ABSOLUTE CYCLE EXPERIENCE, INC.;<br>ABSOLUTE PERFORMANCE, LLC;<br>ABC MANUFACTURERS/<br>DISTRIBUTORS, fictitious Defendant(s);<br>DEF MAINTENANCE AND REPAIR<br>COMPANY(IES), fictitious Defendant(s);<br>and<br>JOHN/JANE DOE(S), 1-25, fictitious<br>Defendant(s),<br><br>                Defendants. | Case No. 2:25-cv-11949 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

       Before this Court is a motion by Plaintiff Jesus M. Ortiz ("Ortiz") to remand this action to the Superior Court of New Jersey, Law Division, Essex County ("Superior Court of New Jersey"), which includes a request for attorneys' fees and costs. (ECF No. 11.) Defendants Suzuki Motor of America, Inc. ("Suzuki Inc.") and Suzuki Motor USA, LLC ("Suzuki LLC") (collectively, "Suzuki Defendants") opposed the motion. (ECF No 21.) Ortiz filed a Reply. (ECF No. 22.) Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil

Procedure 78(b), for the reasons set forth below and for good cause having been shown, Ortiz's Motion to Remand is **GRANTED**, and his request for attorneys' fees and costs is **DENIED**.

### I. BACKGROUND

This case arises out of personal injuries allegedly suffered by Ortiz on May 12, 2023, when the braking system of his motorcycle failed while he was driving it, causing him to be thrown from the motorcycle and trapping him under a sanitation truck. (Compl. (ECF No. 4-2) at 16–17.)[1]

On May 12, 2025, Ortiz filed his Complaint in the Superior Court of New Jersey. (*Id.* at 16–43.) Ortiz asserts the following claims against the Suzuki Defendants: (1) negligent design and manufacture (*id.* at 16–17, 20–21, 24–25, 28–29, 32–33), (2) breach of express and implied warranties that "the products manufactured, distributed and sold by" the Suzuki Defendants would be "fit for its intended purpose" (*id.* at 18–20, 22–24, 25–27, 29–31, 33–35), and (3) strict products liability (*id.* at 20, 24, 27–28, 31–32, 35).[2] Ortiz also asserts a negligence claim against Defendant Absolute Cycles,[3] alleging Ortiz's tire brake failure was a result of

---

[1] The Court cites to page numbers in the Complaint rather than paragraph numbers because the paragraph numbering restarts under each count.

[2] Ortiz also brings these three claims against a set of fictitious defendants, namely ABC Manufacturers/Distributors, as well as Suzuki Motor Corporation ("Suzuki Corp.") and Astemo, Ltd. (incorrectly named as Nissin Kogyo Company, Ltd.) ("Astemo"). (ECF No. 4-2 at 28–32.)

[3] Absolute Cycle was improperly plead as "Absolute Cycles." (Am. Notice of Removal (ECF No. 4) ¶ 13.) As such, for purposes of this Opinion, the Court refers to Defendant Absolute Cycles as "Absolute Cycle." Ortiz alleges Absolute Cycle is a motorcycle repair business and a corporation located in Rahway, New Jersey. (ECF No. 4-2 at 36; ECF No. 11 at 13, 17; ECF No. 22 at 4.) He also alleges that Defendant Absolute Cycle Experience, Inc. ("Absolute Cycle Experience") is a "corporation engaged in providing motor vehicle repair services." (ECF No.

2

"negligent [repair] services."[4] (*Id.* at 35–37.)

On June 18, 2025, the Suzuki Defendants removed Ortiz's Complaint to this Court pursuant to 28 U.S.C. § 1441. (ECF No. 1.) On June 25, 2025, this Court ordered Suzuki Defendants to file an amended notice of removal sufficiently setting forth the basis of diversity jurisdiction. (ECF No. 2.) The Suzuki Defendants filed an amended removal notice on June 25, 2025 specifying the citizenship of each member of each limited liability company defendant ("Amended Notice of Removal") and a corporate disclosure statement.[5] (ECF No. 4; ECF No. 5.) Ortiz then filed this Motion to Remand to the Superior Court of New Jersey on July 16, 2025, arguing a lack of diversity of jurisdiction based on the Suzuki Defendants' inability to

---

4-2 at 36.) Ortiz claims his "tire brake failure was a result of [Absolute Cycle Experience's] negligent services." (*Id.*) According to the Suzuki Defendants, Absolute Cycle Experience "was not served in the State Court Action." (ECF No. 4 ¶ 15.) Additionally, Ortiz alleges Defendant Absolute Performance, LLC, ("Absolute Performance") "was a corporation engaged in providing motor vehicle repair services" and brings a negligence cause of action against it for "[im]properly servic[ing] [his] vehicle." (ECF No. 4-2 at 37, 39.) But according to the Amended Notice of Removal, Absolute Performance, "[w]hen it was in operation, . . . was a New Jersey limited liability company with only two members residing in New Jersey and New York, respectively," "which was not served in the State Court Action, ceased operations in 2008, and is not transacting business in New Jersey." (ECF No. 4 ¶ 16; *see also* ECF No. 4-6 at 2–3.) Between Absolute Cycle, Absolute Cycle Experience, and Absolute Performance (together, "Absolute Defendants"), only Absolute Cycle has appeared before the Court in this matter.

[4] Ortiz also brings a negligence claim against fictitious defendants Def Maintenance and Repair Company(ies) and John/Jane Doe(s).

[5] While Ortiz has labeled Absolute Performance both a limited liability company and a corporation (ECF No. 4-2 at 37), the Suzuki Defendants' Amended Notice of Removal makes clear that at all relevant times, meaning at the time of the alleged wrongdoing and through the pendency of this matter, Absolute Performance was not a limited liability company given the termination of its limited liability company status. (ECF No. 4-6 at 2–3.)

prove fraudulent joinder. (ECF No. 11.) On August 4, 2025, the Suzuki Defendants filed an Opposition (ECF No. 21), and Ortiz filed his Reply on August 11, 2025 (ECF No. 22).

## II. LEGAL STANDARDS

A notice of removal of a civil action must be filed by a defendant within thirty (30) days of receiving the complaint. 28 U.S.C. § 1446(b)(1). Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212–13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

## III. DECISION

The Suzuki Defendants allege that the Absolute Cycle Defendants were fraudulently joined. (ECF No. 4 ¶ at 4–6.) According to the Suzuki Defendants, because "Absolute Cycle

4

did not perform any work on [Ortiz's] motorcycle, no viable claim of negligence can be asserted against it under New Jersey law[;]" consequently, "it is not a properly joined defendant." (*Id.* ¶ 14.) Put differently, given the supposed fraudulent joinder of Absolute Cycle, the Suzuki Defendants believe Absolute Cycle's citizenship should not be considered in the diversity analysis, and therefore insist there is complete diversity between the parties. (*Id.* ¶ 7.) In his motion to remand, Ortiz invokes the forum defendant rule and contends this matter belongs in state court because "the presence of a properly joined and served forum defendant," *i.e.*, Defendant Absolute Cycle, a "New Jersey business entity[,] . . . bars removal under [28 U.S.C.] § 1441 (b)(2)." (ECF No. 11 at 14.)

The Suzuki Defendants do not contest that, if properly joined and served, Absolute Cycle's presence would create a lack of complete diversity. (ECF No. 4; ECF No. 21.) Instead, they maintain they may remove the action to federal court because they can establish that Absolute Cycle was fraudulently joined solely to defeat diversity jurisdiction. (ECF No. 21 at 14 (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)).).

Ortiz challenges Suzuki Defendants' assertion of fraudulent joinder and argues the forum defendant rule bars removal.[6] (ECF No. 11 at 14.) Additionally, Ortiz seeks attorneys' fees because he contends the Suzuki Defendants have no factual or legal basis to argue fraudulent joinder. (*Id.* at 18.) The Court will first address Ortiz's assertion that removal is

---

[6] Because the joinder of Absolute Cycle was not fraudulent, *see infra* Section III.A, the Court need not decide whether the forum defendant rule thwarts removal because the joinder of Absolute Cycle—a New Jersey corporation—destroyed complete diversity and deprived this Court of subject matter jurisdiction. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 375–76 (3d Cir. 2005) (citing 28 U.S.C. § 1332(a)).

5

substantively improper.

### A.     Fraudulent Joinder

Citing *Boyer v. Snap-On Tools Corp.*, Ortiz argues that, absent a "definitive undisputed fact," factual disagreements between the parties cannot sustain removal to federal court based on fraudulent joinder. (ECF No. 11 at 17 (citing 913 F.2d 108, 112 (3d Cir. 1990)).) More specifically, Ortiz contends a "factual dispute between the Complaint and a certification[7] [raising an allegation of fraudulent joinder] is . . . insufficient to sustain removal." (*Id.*)

The Suzuki Defendants disagree, essentially arguing they have established fraudulent joinder because there is no reasonable basis in fact supporting the only claim against the non-diverse defendant, Absolute Cycle, *i.e.*, a negligence claim. (ECF No. 21 at 15–19.) According to the Suzuki Defendants, because "Absolute [Cycle] never performed any service at all for [Ortiz] or his [m]otorcycle," Ortiz does not have a viable negligence claim against Absolute Cycle given the absence of a "legal duty beyond the services promised in the parties' underlying transaction."[8] (ECF No. 21 at 16.) Additionally, the Suzuki Defendants contend Ortiz cannot

---

[7] As best the Court can tell, the certification Ortiz refers to is the supplemental declaration of Steven Andriopoulos ("Andriopoulos") (ECF No. 4-4 at 2–3), owner of Absolute cycle (ECF No. 21-1 at 1).

[8] On its face, the Suzuki Defendants' argument appears to be that Ortiz's claim against Absolute Cycle is without any reasonable basis in fact *or* colorable legal ground. But the Court reads Suzuki's first argument (ECF No. 21 at 15–19) as addressing the "objective criteria that there be some reasonable basis in fact," because any argument contesting "some colorable legal ground supporting" Ortiz's negligence claim against Absolute Cycle is necessarily premised on Ortiz's assertion that Absolute Cycle did not in fact perform work on Ortiz's motorcycle. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985). In other words, the Suzuki Defendants' first argument, insofar as it seeks to challenge the legal sufficiency of Ortiz's negligence claim against Absolute Cycle, would necessarily fail if the Court rejected their

6

defeat removal based on fraudulent joinder because he has offered only "generic pleadings," which do not draw a "connection between any service purportedly performed on the [m]otorcycle to the alleged defects he claims existed in the [m]otorcycle." (ECF No. 21 at 19–22.) In reply, Ortiz largely argues the Suzuki Defendants have asked the Court to engage in a merits inquiry, which would be an inappropriate conflating of the threshold jurisdictional issue.[9] (ECF No. 22 at 7.)

Here, the parties do not contest the amount in controversy, exclusive of interest and costs, exceeds $75,000, nor do they contest that the Complaint on its face does not demonstrate complete diversity between Plaintiffs and Defendants. And, as the Court reads Suzuki Defendants' Opposition, Suzuki Defendants apparently concede that New Jersey common law provides Ortiz with a negligence cause of action if all the facts alleged in the Complaint are true. (ECF No. 21 at 15–16.) In other words, the "fighting issue is whether there is a reasonable basis in fact" for Ortiz's claim against Absolute Cycle. *Mattress Warehousing, Inc. v. Power Mktg. Direct, Inc.*, No. 08-CV-141, 2009 WL 395162, at *5 (N.D. Iowa Feb. 17, 2009). In their legal arguments, the parties largely dispute whether the Court may "'pierce the pleadings' and

---

factual argument. (ECF No. 21 at 15 (citing *Pfenninger v. Hunterdon Cent.*, 770 A.2d 1126, 1132 (N.J. 2001) (explaining when a duty of care arises)).)

[9] Ortiz also disputes the Suzuki Defendants' supposed assertion that he "had to not only serve the complaint . . . but also to file proof of service for the rule [against 'snap removal'] to apply," but Ortiz does not cite any part of Suzuki Defendants' submissions nor is the Court aware of any such argument raised by Suzuki Defendants. (ECF No. 22 at 5.) Regardless, Ortiz is correct that Absolute Cycle was properly joined and served before removal. (ECF No. 11-2 at 1 (listing date of service as May 16, 2025); ECF No. 1 at 7 (listing notice of removal filing date as June 18, 2025); ECF No. 4 at 8 (listing amended notice of removal filing date as June 25, 2025).)

receive evidence on the issue of fraudulent joinder or [whether] the court [is] confined to the 'four corners'" of Ortiz's Complaint. *Id.*

Suzuki Defendants correctly argue district courts in the Third Circuit may indeed look beyond the pleadings to identify indicia of fraudulent joinder. *Abels*, 770 F.2d at 33; *see also In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006) (explaining courts may "look beyond the pleadings in a fraudulent joinder inquiry when faced with a statute of limitations defense to claims against non-diverse defendants"). As the *Briscoe* Court noted,

> [a] limited look beyond the pleadings, as described above, runs no risk of usurping jurisdiction over cases that properly belong in state court. To hold otherwise would run the risk that we condone the practice of asserting baseless, stale claims against non-diverse defendants for the sole purpose of thwarting a defendant's right to remove a case that falls within the original jurisdiction of a federal court.

448 F.3d at 220.

Courts in this circuit are split on whether to consider affidavits or declarations: some do,[10] others have declined to credit apparently self-serving affidavits,[11] and others consider affidavits that have not been tested through full discovery or prior litigation as evidence of fraudulent joiner "only if that affidavit 'presents *undisputed* facts that establish with complete certainty that the non-diverse defendant has no liability.'"[12] The Court adopts the latter—the

---

[10] *See, e.g.*, *Curtiss Wright Corp. v. CNA Fin. Corp.*, Civ. A. No. 11-04416, 2012 WL 1046536, at *2 (D.N.J. Mar. 28, 2012).

[11] *See, e.g.*, *Gaynor v. Marriott Hotel Servs., Inc.*, No. 13-3607, 2013 WL 4079652, at *5 (E.D. Pa. Aug. 13, 2013) (declining to credit hotel manager's affidavit asserting he was not involved in inspection, repair, or maintenance of sidewalk that allegedly cause plaintiff's injury).

[12] *See, e.g.*, *Wooten v. Boppy Co., LLC*, Civ. A. No. 22-4341, 2023 WL 11826191, at *3 (E.D. Pa. Aug. 14, 2023) (alteration in *Wooten*) (quoting *Gaynor*, 2013 WL 4079652, at *5).

"workable rule" articulated in *Wooten*, 2023 WL 11826191, at *3, as it recognizes the Third Circuit's admonition to look "beyond the face of the complaint for indicia of fraudulent joinder," *In re Briscoe*, 448 F.3d at 218 (quoting *Abels*, 770 F.2d at 29), without delving "from the threshold jurisdictional issue into a decision on the merits." *Id.* at 218 (quoting *Boyer*, 913 F.2d at 112 (citation omitted)).

While the Suzuki Defendants provided Andriopoulos's sworn statement regarding Absolute Cycle's non-involvement in servicing Ortiz's motorcycle, the issue of whether Absolute Cycle performed any service at all for Ortiz or his motorcycle is plainly in dispute. (*Compare* ECF No. 4-2 at 35–37, *with* ECF No. 21 at 16 *and* ECF No. 4-4 at 2–3.) In other words, although Andriopolous's sworn statement contradicts the allegations in Ortiz's Complaint, specifically the allegation that "Ortiz's tire brake failure was . . . a result of negligent services provided by . . . Absolute Cycle[]," given the Court's obligation to accept the factual allegations in Ortiz's Complaint as true, *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir.1992), the Court cannot consider the facts asserted in Andriopoulos's affidavit to be undisputed for purposes of assessing fraudulent joinder. Notwithstanding Andriopoulos's sworn statement, Ortiz has asserted at least "some reasonable basis in fact . . . supporting a [negligence] claim against" Absolute Cycle. *In re Briscoe*, 448 F.3d at 219.

Additionally, the Court is unpersuaded by the Suzuki Defendants' argument concerning Ortiz's claimed "conclusory" allegations. (*See* ECF No. 21 at 19–22.) While Suzuki Defendants include two pages worth of string cites, the nine cases from outside the Third Circuit are inapposite. (*Id.* at 20–21.) Moreover, while Suzuki Defendants are correct that conclusory allegations are insufficient to oppose a claim of fraudulent joinder, *Reeser v. NGK Metals Corp.*, 247 F. Supp. 2d 626, 630 (E.D. Pa. 2003), Suzuki Defendants' reliance on *Reeser*, *In re Diet*

9

*Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, and *In re Briscoe* are misplaced and unpersuasive.

The court in *Reeser* simply stated that plaintiff's claims of civil conspiracy and fraudulent concealment or non-disclosure against the non-diverse defendant was not colorable because it "merely consist[ed] of conclusory allegations which are clearly insufficient." 247 F. Supp. 2d at 630. In reading *Reeser*, the Court cannot discern what allegations were conclusory. The same can be said about *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, which merely states the "complaints . . . are devoid of specific allegations against the pharmacies [and] filled instead with general statements levied against all defendants." 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002).

Suzuki Defendants' articulation of the discussion in *In re Briscoe* is also misplaced. The Third Circuit, summarizing its *Abels* decision, noted it had held "the plaintiffs' complaint identified the [unnamed] defendants with specificity and raised express claims against them, [which led the court to] f[i]nd the allegations sufficient to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d at 218–19. Here, Ortiz has identified Absolute Cycle as a "corporation engaged in providing motor vehicle repair services" and has alleged Absolute Cycle "failed to properly service [his] vehicle," and this "result[ed]" in his "tire brake failure," which "caused [him] to sustain serious, permanent[,] and disabling injuries." (ECF No. 4-2 at 36.) For purposes of this Motion to Remand, the Court finds Ortiz's allegations were not conclusory statements. *See Batoff*, 977 F.2d at 851 ("[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987))).

10

Because Ortiz has a "reasonable basis in fact" and "colorable ground supporting" his negligence claim against Absolute Cycle, the non-diverse defendant, and because he has articulated allegations with sufficient specificity, removal of this action is barred by the for lack of complete diversity. Accordingly, Ortiz's Motion for Remand is **GRANTED**.

### B.    Attorneys' Fees and Costs

This Court may, when remanding a case, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court has discretion in determining "whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

The Court declines to award Ortiz attorneys' fees and costs. While the Court agrees that joinder of Absolute Cycle frustrated complete diversity, the Court does not find the Suzuki Defendants' "lacked an objectively reasonable basis for seeking removal" by asserting fraudulent joinder. *Id.* As the Court discussed, some courts in the Third Circuit may have considered Andriopoulos's sworn statement and ultimately found Absolute Cycle did not complete work on Ortiz's motorcycle and permitted the removal of this action to federal court. *See Curtiss Wright Corp.*, 2012 WL 1046536, at *2. Although this Court finds Ortiz did not fraudulently join Absolute Cycle, *see supra* Section III.A, the Suzuki Defendants had an objectively reasonable basis for removal under the fraudulent joinder doctrine. Accordingly, Ortiz's request for attorneys' fees and costs is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Ortiz's Motion for Remand is **GRANTED** and his request for attorneys' fees and costs is **DENIED**. An appropriate order will follow.

Date: January 12, 2026                                   */s/ Brian R. Martinotti*
                                                                   HON. BRIAN R. MARTINOTTI
                                                                   UNITED STATES DISTRICT JUDGE